JAMES F. McKAY III, Judge.
|, This case arises out of an attempt to remove Malcolm Collins as the pastor of Pressing Onward Baptist Church. Certain members of the church alleged that Rev. Collins had misappropriated and misused church funds.
On August 12, 2011, Norris Warner, a church trustee, and Vincent Truehill, a deacon of the church, filed a petition for restraining order seeking a temporary restraining order (TRO), a preliminary injunction, and a permanent injunction in order to prevent Rev. Collins from alienating, encumbering, donating, wasting or concealing any property belonging to the church. The petition also sought to enjoin Rev. Collins from holding any services or meetings until the church membership could vote on his removal/termination in accordance with the church’s articles of incorporation and restated articles of incorporation.
On August 24, 2011, the trial court granted the TRO and issued a rule to show cause why the preliminary and permanent injunctions requested should not be granted. On September 9, 2011, the trial court ruled that the TRO had expired and there was no impediment to the defendant operating in the office of pastor. [2The trial court also ordered the Orleans Parish *695 Sheriffs Office to provide a deputy to insure peaceful worship at the church on Sunday, September 11, 2011 and on every Sunday thereafter, until November 4, 2011.
On September 14, 2011, the trial court held a hearing on the plaintiffs’ motion for preliminary injunction. On September 15, 2011, the trial court ordered that a preliminary injunction be issued immediately to enjoin the defendant from alienating, encumbering, donating, wasting, or concealing any items of property belonging to and in the name of Pressing Onward Baptist Church. The trial court also ordered Gretchen Scott and Betty Truehill, the church’s financial and recording secretaries, respectively, to compile a list of church members in good standing based on their financial contributions from April 1, 2011 through June 30, 2011. The court further ordered that notice be made to all members in good standing of a meeting on October 2, 2011, where it would be determined whether there was just cause for the termination of Rev. Collins from his position as pastor of the church; the vote was to be by secret ballot and presided over by two pastors chosen by respective counsel and a third chosen by the other two pastors. Should it be determined that there was just cause for the termination of Rev. Collins, another vote would be held on October 9, 2011, presided over by the same three pastors, to determine whether Rev. Collins should be removed from his' position as pastor.
At the meeting held on October 2, 2011, the parties failed to comply with the orders given by the trial court. This necessitated the trial court’s ordering that | another meeting and vote be held on November 13, 2011. The results of the vote were eleven (11) in favor and thirty-two (32) against, thus finding no “probable cause” for the removal of Rev. Collins. Therefore, on February 7, 2012, the trial court issued a written judgment, holding that Rev. Collins would be retained as pastor of the church. The plaintiffs filed a motion for new trial which the trial court denied. The plaintiffs now appeal.
On appeal, the plaintiffs raise the following assignments of error: 1) many of those who voted on the issue of whether or not to keep Rev. Collins were not qualified members who had a right to vote as they were not members in good standing, or were never members; 2) the court relied on and trusted the membership list provided by defendant and/or defendant’s staff to be accurate when it was not accurate and therefore, the vote was not legal and according to the court’s order; and 3) the court’s reliance on the membership records was error and, therefore, the ruling that Rev. Collins was not removed was in error and mandates a new trial.
In essence, there are only two issues before this Court: whether the trial court was manifestly erroneous in its decision regarding the church’s membership in good standing and whether a new trial should have been granted.
In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard which precludes the setting aside of a trial court’s finding of fact unless those findings are clearly wrong in light of the record reviewed in its entirety. Cross v. Louisiana Coca-Cola Bottling Co., Ltd., 2004-0933 (La.App. 4 Cir. 3/16/05), 899 So.2d 621. Under the manifest error standard, in order to reverse a trial court’s determination of a fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the factfinder is clearly wrong or manifestly erroneous. *696 Commonwealth Ins. Co. v. Halliburton Energy Services, Inc., 2003-2490 (La.App. 1 Cir. 12/30/04), 899 So.2d 24. On review, an appellate court must be cautious not to re-weigh the evidence or to substitute its own factual findings just because it would have decided the case differently. Id. When reviewing the trial court’s findings of fact for manifest error, the issue to be resolved by the appellate court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was reasonable. In re Succession of Sport, 2004-1373 (La.App. 4 Cir. 4/6/05), 900 So.2d 1054.
In the instant case, the trial court ordered the church’s secretaries to compile a list of the church members in good standing, so that a vote could be held on whether or not Rev. Collins should be retained as pastor of the church. The trial court determined the criteria for how the list would be compiled after analyzing the church’s articles of incorporation. The trial court examined and approved the list that was compiled. In like manner, the trial court determined the process for how the votes on just cause and removal would proceed. Based on the record before this Court, we find nothing clearly wrong or manifestly erroneous in the process the trial court worked out for the membership list to be compiled or the votes held.
| .^According to Louisiana Code of Civil Procedure Article 1972:
A new trial shall be granted, upon contradictory motion of any party in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during trial.
(2) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
La. C.C.P. art. 1972.
Louisiana Code of Civil Procedure Article 1973 further provides: “A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.” In the instant case, the judgment is not contrary to the law or evidence. There is also no new evidence or anything else that would warrant a new trial. Accordingly, the trial court did not err when it denied the plaintiffs’ motion for new trial.
For the above and foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED